IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-2295-WJM-MDB
*Consolidated with Civil Action No. 21-cv-2632-RMR-MDB*

ALFONSO RIOS, individually and on behalf of others similarly situated,

    Plaintiff,

v.

CORECIVIC OF TENNESSEE, LLC,

    Defendant.

## ORDER CONSOLIDATING CASES FOR SETTLEMENT PURPOSES

Before the Court is Plaintiff Alfonso Rios's Unopposed [*sic*] Motion to Consolidate Related Cases for Settlement Purposes ("Motion"), which seeks to consolidate *Rivera v. Corecivic of Tennessee, LLC,* Civil Action No. 21-cv-2632-RMR-MDB ("*Rivera*") with this action. (ECF No. 39.) For the reasons explained below, the Motion is granted.

Federal Rule of Civil Procedure 42(a)(2) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004).

In the instant action, Plaintiff filed a putative class and collective action, alleging Defendant violated the FLSA and Colorado law by failing to pay its hourly, non-exempt correctional and detention officers for all hours worked, including for time spent completing pre-shift, mandatory security screenings "off-the-clock." (*See* ECF No. 19.) Similarly, in *Rivera*, Plaintiff filed a putative class action, alleging Defendant violated Colorado law by failing to pay its hourly, non-exempt correctional and detention officers for all hours worked, including for time spent completing pre-shift, mandatory security and COVID-19 screenings "off-the-clock," and failed to provide required meal and rests breaks.

In the Motion, Plaintiff states that after attending a full-day, joint mediation with mediator Carole Katz, the parties in both actions successfully reached a joint settlement of these similar wage and hour class and collective actions. (ECF No. 39 at 3.) The parties are now in the process of finalizing their settlement agreement to submit the same to the Court for approval. (*Id.*) Thus, Plaintiff maintains that consolidating these similar wage and hour actions for settlement and settlement approval purposes "unquestionably serve[s] [the interest of judicial economy] because it will eliminate the need for various judicial officers to address and rule on substantially the same issues in [two] different cases." (*Id.* (quoting *Skaggs v. Level 3 Commc'ns*, 2009 U.S. Dist. LEXIS 14226, at *4 (D. Colo. Feb. 24, 2009) (granting consolidation)).) Finally, Plaintiff states that consolidation is appropriate because all parties to both actions do not oppose and consent to consolidation. (*Id.* at 4.)

For all of the reasons explained above, the Court agrees and consolidates this action with *Rivera* for settlement purposes. Accordingly, for the reasons stated, the

Court ORDERS as follows:

1. Plaintiff Alfonso Rios's Unoppossed [sic] Motion to Consolidate Related Cases for Settlement Purposes (ECF No. 39), which seeks to consolidate *Rivera,* Civil Action No. 21-cv-2632-RMR-MDB with this action, is GRANTED to the extent the Court consolidates the cases for settlement purposes;

2. In accordance with the Court's inherent power to control its docket, and in accordance with Federal Rule of Civil Procedure 42(a), Civil Action No. 21-cv-2632-RMR-MDB is CONSOLIDATED into the above-captioned action;

3. The above-captioned action shall be the lead case and all future filings shall be made in this action ONLY;

4. The Clerk shall re-docket the Complaint (ECF No. 1) and Defendant's Answer (ECF No. 11) from Civil Action No. 21-cv-2632 onto the above-captioned docket;

5. The parties shall update their captions as shown in the caption of this Order; and

6. A copy of this Order shall be docketed in Civil Action No. 21-cv-2632.

Dated this 10th day of January, 2023.

BY THE COURT:

_____
William J. Martinez
United States District Judge