IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-2295-WJM-MDB
*Consolidated with Civil Action No. 21-cv-2632-WJM-MDB*

ALFONSO RIOS, individually and on behalf of others similarly situated,

    Plaintiff,

v.

CORECIVIC OF TENNESSEE, LLC,

    Defendant

---

Civil Action No. 21-cv-2632-WJM-MDB

WANDA ROSARIO RIVERA, individually and on behalf of others similarly situated,

    Plaintiff,

v.

CORECIVIC OF TENNESSEE, LLC,

    Defendant.

---

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

    Before the Court is Plaintiffs Alfonso Rios ("Rios") and Wanda Rosario Rivera ("Rivera") (jointly, "Plaintiffs") Unopposed Motion for Final Approval of Class Settlement. (ECF No. 69.)  The Court held a settlement fairness hearing ("Settlement Hearing") on March 21, 2024.  (ECF No. 70.)  After considering the arguments raised at the Settlement Hearing and in the Motion, the Court granted the Motion by way of an oral ruling from the bench and stated that a written order would follow.  (*Id.*)  This is that

order.

## I. BACKGROUND

Rios brought a class and collective action to challenge Defendant CoreCivic of Tennessee, LLC's alleged "long standing policy of failing to properly compensate its non-exempt correctional and detention officers for all hours that they work," and specifically because Defendant required Plaintiff and proposed class members to "undergo security screenings in violation of Colorado law." (ECF No. 19 ¶ 1.) Rios brought this lawsuit individually and on behalf of similarly situated non-exempt correctional and detention officers for CoreCivic's alleged violations of the Colorado Wage Claim Act, Colo. Rev. Stat. §§ 8-4-101, *et seq*. ("CWCA"), the Colorado Overtime and Minimum Pay Standards ("COMPS") Orders #32, #36, and #37, 7 C.C.R. 1103-1, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. (ECF No. 19 ¶ 2.) Plaintiff filed this lawsuit on August 25, 2021 (ECF No. 1) and filed an Amended Complaint on February 22, 2022 (ECF No. 19).

Similarly, Rivera brought a class action to challenge Defendant's failure to properly compensate its non-exempt correctional and detention officers for all hours that they work. (ECF No. 41 ¶ 1.) Specifically, she alleged that CoreCivic: (1) required Rivera and the proposed class members to undergo lengthy security screenings without pay in violation of Colorado law; (2) required Plaintiff and the Class Members to undergo temperature screenings without pay in violation of Colorado law; (3) required Rivera and the class members to receive pre-shift supervisor briefings without pay in violation of Colorado law; (4) failed to provide Rivera and the class members mandatory rest breaks required by Colorado law; and (5) failed to compensate Rivera and the class

members for those missed meal breaks in violation of Colorado law. (*Id.*) Rivera brought her claims under the CWCA and the applicable COMPS Orders. (*Id.* ¶ 2.)

After the lawsuits were filed, in September and October 2022, the parties engaged in discussions to resolve both actions. On October 6, 2022, the parties attended a joint global mediation with Carole Katz, a respected wage and hour mediator, which covered the claims alleged by both Plaintiffs. (ECF No. 69 at 4.) After a full day of arm's-length negotiations, the parties settled the cases. (*Id.* at 5.)

On January 10, 2023, the Court granted the parties' joint motion to consolidate these lawsuits for settlement purposes. (ECF No. 40.)

On May 18, 2023, the parties filed the unopposed motion for preliminary approval of the settlement. (ECF No. 56.) On July 27, 2023, the Court reviewed the proposed settlement agreement and preliminarily approved it as being fair and reasonable. (ECF No. 57.) The Court also preliminarily certified a Rule 23 class for settlement purposes, defined as "All individuals who, at any time during the period between March 16, 2020 (*i.e.*, the effective date of Colorado Overtime Minimum Pay Standards ("COMPS") Order #36), and September 16, 2022, were employed by CoreCivic as a Correctional Officer, Senior Correctional Officer, Detention Officer, or Senior Detention Officer in the State of Colorado." (*Id*. at 2.)

In a declaration filed with the Court, Analytics, the settlement administrator, represented that the Court-approved notice proposed settlement was individually mailed to 292 Settlement Class members on August 28, 2023. (ECF No. 58-1 at 3, ¶ 6.) The parties subsequently discovered that in addition to the 292 Class Members initially identified, there were 387 additional Class Members who were not named on

3

Defendant's initial list (a total of 679 Class Members).  (ECF No. 69 at 6.)

On November 20, 2023, the parties filed a joint motion to continue the fairness hearing so that these 387 Class Members could receive notice and have an opportunity to object or opt out.  (ECF No. 59.)  That same day, the Court granted the parties' joint motion to continue the fairness hearing and amended various deadlines related to the final fairness hearing and approved a revised Notice.  (ECF No. 60; ECF No. 58-1 at 6–9.)

On December 8, 2023, Analytics mailed the notice in the same manner to the 387 additional Settlement Class Members.  (ECF No. 69 at 7.)  On December 15, 2023, Plaintiffs filed a second declaration of Jeffrey J. Mitchell explaining that Analytics mailed the supplemental notices, with a copy of a template version attached.  (*Id.*; ECF No. 61-1; see Ex. A ¶ 2.)  Analytics did so at no additional charge, and the $20,238.38 required to account for the additional settlement allocations are being deducted from the fees of Class Counsel.  (ECF No. 69 at 7 (citing ECF No. 69-1 ¶ 33 (Cottrell Decl); ECF No. 69-3, ¶ 15 (Nilges Decl.)).)  This arrangement allows the total recovery available to the Class to remain unaffected.  (*Id*.)

To date, 12 Notices were returned to Analytics by the U.S. Postal Service with a forwarding address.  (ECF No. 69-4 ¶ 13 (Mitchell Decl.).)  Analytics updated the class list with the forwarding address and processed a re-mail of the Notice to the updated addresses.  (*Id.*)  To date, 130 Notices were returned to Analytics by the U.S. Postal Service without a forwarding address.  (*Id.* ¶ 14.)  Analytics conducted a skip trace in an attempt to ascertain a valid address for the affected Class Members.  (*Id.*)  As a result of these efforts, 48 new addresses were identified for Class Members.  (*Id.*)  Analytics

subsequently updated the Class List with the new address and processed a re-mail of the Notice to each of the affected Class Members.  (*Id.*)  There were no requests for exclusion or objections to the Settlement.  (ECF No. 69-4 ¶¶ 15-16; ECF No. 69-1 ¶ 34.)

On February 22, 2024, the parties filed Plaintiffs' Unopposed Motion for Final Approval of Class Settlement.  (ECF No. 69.)

## II. APPROVAL OF SETTLEMENT AGREEMENT

In deciding whether to approve a settlement in class action, a court must determine whether the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  Courts consider four factors in evaluating the settlement:

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993), *abrogated on other grounds by Devlin v. Scardelletti*, 536 U.S. 1 (2002).  The Court may also consider the fact that no objections were filed by any class members.  *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990) ("No timely objection was raised by any Class Member to the proposed settlement, and less than 5% of all Class Members have chosen to opt out.  One untimely objection, improper in other regards, was filed and subsequently withdrawn prior to the fairness hearing. No objection was raised at the fairness hearing.  The Court gives these factors substantial weight in

5

approving the proposed settlement.").

Having thoroughly reviewed the Motion and the Settlement Agreement (ECF No. 69-2), the Court finds that the Settlement Agreement negotiated by counsel is fair, reasonable, and adequate.  Regarding the four factors, the parties have demonstrated that the Settlement Agreement was negotiated at arms' length by counsel experienced in these types of cases.

The parties have also shown that serious questions of fact and law exist, particularly concerning the questions of whether Defendant complied with the operative law during the relative period and whether previous settlements in related cases should limit the Class Members' recovery in this action.  (ECF No. 69 at 13.)

Further, the Court finds that the value of the Settlement Agreement outweighs the possibility of recovery after protracted litigation.  As outlined by the Settlement Agreement, Defendant has agreed to pay a total of $92,500 to settle this action.  (ECF No. 69-2 (Settlement Agreement).)  The individual settlement payments for which Class Members are eligible have been calculated proportionally by Class Counsel based on the time and pay records informally produced by Defendant.  (Settlement Agreement, ¶ 3.1.)  For both the Named Plaintiffs and the Settlement Class Members, settlement payments are allocated 36% to wages and 64% to penalties/non-wage recovery.  (Settlement Agreement, ¶ 5.3(a).)  Thus, the Settlement Agreement provides a significant and immediate benefit to all Class Members.  It also ensures the Class members will receive reasonable compensation in light of the uncertainties of litigating to a judgment.

Finally, both parties have represented their view that the Settlement Agreement

is fair and reasonable. The fact that no class member has objected to the proposed settlement is additional evidence that the class also considers this settlement fair and reasonable. *See In re Dun & Bradstreet*, 130 F.R.D. at 372.

As set forth above, the Court finds that each of the factors weighs in favor of finding that the Settlement Agreement is fair, reasonable, and adequate.

### III. INCENTIVE AWARDS

When considering the appropriateness of an incentive award for class representatives, the Court should consider: (1) the actions the class representative took to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *Lucken Family Ltd. P'ship, LLLP v. Ultra Res., Inc.*, 2010 WL 5387559, at *6 (D. Colo. Dec. 22, 2010).

Under the Settlement Agreement, the parties propose that Plaintiffs will each receive $2,500 as an incentive payment. (Settlement Agreement ¶ 1.17(d).) Plaintiffs spent time and effort working on the case with counsel over the course of two and a half years. Plaintiffs' commitment to the case, the personal sacrifices of their time while pursuing this litigation, and the outcome achieved warrant an incentive award in this case. *See Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (noting that service awards are especially appropriate in employment litigation where "the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers").

7

For the reasons set forth above, the Court finds the awards to be reasonable and approves a $2,500 incentive award for each Named Plaintiff.

## IV. ATTORNEYS' FEES AND COSTS

Plaintiffs' counsel entered into a contingency fee arrangement with Plaintiffs. (ECF No. 69 at 27.) Under this arrangement, Plaintiffs' counsel seeks $30,833.33 (originally one-third of the $92,500 gross settlement amount), less $20,238.38 for a total of $10,594.95, to Class Counsel's attorneys' fees, and up to $10,000 to costs, a total of $20,594.95. (Settlement Agreement, ¶ 1.17(b).)

When considering the appropriateness of an attorney's fees award, the Court considers the "*Johnson* factors": (1) the time and labor required by counsel; (2) the novelty and difficulty of the legal question presented; (3) the skill required to represent the class appropriately; (4) the preclusion of other employment by the attorneys due to the acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1979); *Chieftain Royalty Co. v. Enervest Energy Inst. Fund XIII-A., L.P.*, 888 F.3d 455, 458 (10th Cir. 2017) (recognizing that courts within the Tenth Circuit utilize the *Johnson* factors to determine the appropriate fee award).

The Court finds that the requested amount of fees is reasonable considering the effort expended on this case by class counsel, the risks and difficulties inherent in FLSA

8

litigation, the discovery undertaken, and the skill required and dedication displayed over the litigation of this matter. The fee request is also in line with contingency fee awards approved in other cases, particularly in this case due to counsel's voluntary reduction of its attorneys' fee award following the error in originally failing to send notice to all Class Members. *See, e.g., Prim v. Ensign U.S. Drilling Inc.*, 2020 WL 4539630, at *4 (D. Colo. Aug. 6, 2020) (recognizing that 35% contingency fee was within the customary range for attorney's fees); *Swanson v. Cathedral Energy Servs., Inc.*, 2019 WL 4858453, at *3 (D. Colo. Oct. 2, 2019) (finding 36% contingency payment is reasonable in FLSA action); *Whittington v. Taco Bell of Am., Inc.*, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) ("Together the fees and costs amount to approximately 39% of the fund as a whole. This is within the normal range for a contingent fee award."); *Vaszlavik v. Storage Tech. Corp.*, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000) (finding that the "requested fee of 30% of the settlement is well within the ordinary range of common fund awards," and that "[a] 30% common fund award is in the middle of the ordinary 20%–50% range and is presumptively reasonable").

As referenced earlier, under the Settlement Agreement negotiated by counsel, Defendant has agreed to pay $92,500 to settle this action. The negotiated Settlement Agreement will benefit all Class Members, not just Plaintiffs and the opt-in Class Members. This is a good result for the Class Members and weighs heavily in favor of approving the amount of fees requested. *See In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 630 (D. Colo. 1976) (noting that "the amount of the recovery, and end result achieved are of primary importance" when considering what constitutes a reasonable attorney fee).

Moreover, although the Settlement Agreement provides that Plaintiff's counsel may recover "up to $10,000 in costs" (Settlement Agreement, ¶ 1.17(b)), Plaintiffs' counsel is only seeking recovery for the actual costs incurred—approximately $7,700—and will distribute the remaining "unused costs" to the Class Members. Thus, the Court finds the requested actual costs to be very reasonable.

Having considered the applicable *Johnson* factors, the Court finds that Plaintiffs' counsel's request for $10,594.95 in attorney's fees and approximately $7,700 in actual costs is fair and reasonable. The Court therefore grants that portion of the Motion requesting attorneys' fees and costs.

## V. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. **Final Certification of the Settlement Class**. The Settlement Class is comprised of the following:

> All individuals who, at any time during the period between March 16, 2020 (*i.e.*, the date of Colorado Overtime Minimum Pay Standards ("COMPS") Order #36's enactment), and September 16, 2022, were employed by CoreCivic as a Correctional Officer, Senior Correctional Officer, Detention Officer, or Senior Detention Officer in the State of Colorado.

The Court finds that the Settlement Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Settlement Class.

2. **Class Representatives.** For purposes of settlement, the Court appoints Named Plaintiffs Alfonso Rios and Wanda Rosario Rivera as Class Representatives for

the Rule 23 Class.

3.     **Class Counsel**.  For purposes of the settlement, the Court appoints as Class Counsel for the Settlement Class Don J. Foty of the law firm HODGES & FOTY, L.L.P. (4409 Montrose Blvd., Suite 200, Houston, TX 77006), Hans Nilges of the law firm NILGES DRAHER LLC (7266 Portage Street NW, Suite D, Massillon, OH 44646), Anthony Lazzaro of the law firm the LAZZARO LAW FIRM, LLC (34555 Chagrin Boulevard, Moreland Hills, Ohio 44022), and Carolyn Cottrell of the law firm SCHNEIDER WALLACE COTTRELL KONECKY LLP (2000 Powell Street, Suite 1400, Emeryville, California 94608).

4.     **Approval of the Agreement**. The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Named Plaintiffs and the Settlement Class Members, reached by the Parties after the exchange of information and intensive arms-length negotiations with the assistance of experienced counsel.

The Agreement is fair, just, reasonable, and adequate to, and in the best interest of, the Settlement Class Members.  It achieves a definite and certain result for the benefit of the Settlement Class Members that is preferable to continuing litigation in which the Settlement Class Members would necessarily confront substantial risk, uncertainty, delay, and cost.  The Court also finds that the settlement terms negotiated by the parties and described in their Agreement are a fair and reasonable resolution of a bona fide dispute between the Named Plaintiffs, Class Members, and the Defendant.

This Order constitutes final approval of the Agreement.  The Agreement is binding on the parties to it and on all Settlement Class Members in accordance with the terms of the Agreement, excepting only those individuals, if any, who effectively

excluded themselves from the Settlement Class in accordance with the terms of the Agreement.

5. **Notice to the Class**.  The Court determines that the Notice was given as required by the Preliminary Approval Order.  The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all Settlement Class Members with fair and adequate notice of the terms of the settlement, the Fairness Hearing, and the opportunity to object to the settlement and/or exclude themselves from the settlement.  The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. **Attorneys' Fees and Litigation Expenses**.  The Court approves Class Counsel's requested fees award of one-third (1/3) of the gross settlement amount ($30,833.33) less $20,238.38 required to account for additional settlement allocations, and an award of Expenses not to exceed $10,000.  The Court finds this fee award is justified.  The Court finds that the Attorneys' Fees and Expenses Payment requested in Named Plaintiffs' unopposed motion is reasonable and that Class Counsel shall be awarded the requested amount.  The Settlement Administrator shall be awarded up to $7,700 for its reasonable fees and expenses incurred in the administration of the settlement.

7. **Enhancement Payments**.  The Enhancement Payments to the Named Plaintiffs as set forth in the Settlement Agreement are approved for their substantial services for the benefit of the settlement classes.

8. **Administering the Settlement of Claims**.  The Parties shall administer the settlement as set forth in the Agreement.

9. **Release of Claims**. As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Named Plaintiffs and Settlement Class Members, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement).

10. **Dismissal with Prejudice**.  All claims in the Civil Actions are DISMISSED WITH PREJUDICE and, except as provided herein, without costs against Defendant.

11. **Dispute Resolution**.  Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

12. **Non-Admission**. This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

13. **Order for Settlement Purposes**.  The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

14. **Use of Agreement and Ancillary Terms**.  Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised

in this action or are similar to such claims.

15. **Case Termination**.  The Clerk of Court is directed to terminate this action.

Dated this 10th day of April, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge